1

2

3

4

5

6

7

8

9              IN THE UNITED STATES DISTRICT COURT

10         FOR THE NORTHERN DISTRICT OF CALIFORNIA

11

12   JEFFERSON D. WALKER,                    )    No. C 11-2447 LHK (PR)
                                             )
13              Petitioner,                  )    ORDER DENYING REQUEST FOR
                                             )    LEAVE TO CONDUCT
14      v.                                   )    DISCOVERY
                                             )
15   WARDEN RANDY GROUNDS,                    )
                                             )
16              Respondent.                  )
                                             )
17   _____    )

18          Petitioner, a state prisoner proceeding *pro se*, filed a petition for writ of habeas corpus

19   pursuant to 28 U.S.C. § 2254, challenging a decision by the Board of Parole Hearings.  The

20   Court issued an order to show cause after finding that Petitioner had stated two cognizable

21   claims for relief.  First, Petitioner claims that he was denied his right to due process because he

22   did not have an opportunity to be heard in response to the victim's next of kin's statements at his

23   parole suitability hearing.  Second, Petitioner alleges that California Penal Code § 3043(b),

24   regarding victims' statements in a parole hearing, is unconstitutionally broad.  Respondent has

25   filed an answer, and Petitioner has filed a traverse.

26          Pending before the Court is Petitioner's request for leave to conduct discovery.  A habeas

27   petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of

28   ordinary course.  *See Bracy v. Gramley*, 520 U.S. 899, 904 (1997).  However, Rule 6(a) of the

Order Denying Request for Leave to Conduct Discovery
P:\pro-se\sj.rmw\hc.11\Walker447disc

1   Federal Rules Governing Section 2254 Cases, 28 U.S.C. foll. § 2254, provides that a "judge

2   may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil

3   Procedure and may limit the extent of discovery."  Good cause for discovery under Rule 6(a) is

4   shown "'where specific allegations before the court show reason to believe that the petitioner

5   may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief . . . '"

6   *Id.* at 908-09 (quoting *Harris v. Nelson*, 394 U.S. 286, 299 (1969)); *Pham v. Terhune*, 400 F.3d

7   740, 743 (9th Cir. 2005).  The Ninth Circuit has also described this standard as being that

8   discovery must be allowed when it is "essential" for the petitioner to "develop fully" his or her

9   underlying claim.  *Pham*, 400 F.3d at 743 (quoting *Jones v. Wood*, 114 F.3d 1002, 1009 (9th Cir.

10  1997)).

11       Here, Petitioner seeks discovery that would essentially contradict or disprove the victim's

12  next of kin's statements at the parole hearing, which accused Petitioner of sending threatening

13  messages, and acting in an aggressive manner.  Petitioner has not demonstrated that these items

14  are "essential" for him to fully develop his underlying claims that he was not permitted to be

15  heard at his parole hearing, or that Section 3043(b) is unconstitutionally broad.  Petitioner's

16  request is DENIED.

17       IT IS SO ORDERED.

18  DATED:   1/5/12

19                                                        LUCY H. KOH
                                                          United States District Judge

20

21

22

23

24

25

26

27

28