IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JEFFERSON D. WALKER, | ) | No. C 11-2447 LHK (PR) |
| Petitioner, | ) ) ) | ORDER DENYING REQUEST FOR LEAVE TO CONDUCT DISCOVERY |
| v. | ) ) | |
| WARDEN RANDY GROUNDS, | ) ) | |
| Respondent. | ) ) | |

  Petitioner, a state prisoner proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging a decision by the Board of Parole Hearings. The Court issued an order to show cause after finding that Petitioner had stated two cognizable claims for relief. First, Petitioner claims that he was denied his right to due process because he did not have an opportunity to be heard in response to the victim's next of kin's statements at his parole suitability hearing. Second, Petitioner alleges that California Penal Code § 3043(b), regarding victims' statements in a parole hearing, is unconstitutionally broad. Respondent has filed an answer, and Petitioner has filed a traverse.

  Pending before the Court is Petitioner's request for leave to conduct discovery. A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course. *See Bracy v. Gramley*, 520 U.S. 899, 904 (1997). However, Rule 6(a) of the

1  Federal Rules Governing Section 2254 Cases, 28 U.S.C. foll. § 2254, provides that a "judge
2  may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil
3  Procedure and may limit the extent of discovery."  Good cause for discovery under Rule 6(a) is
4  shown "'where specific allegations before the court show reason to believe that the petitioner
5  may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief . . . '"
6  *Id.* at 908-09 (quoting *Harris v. Nelson*, 394 U.S. 286, 299 (1969)); *Pham v. Terhune*, 400 F.3d
7  740, 743 (9th Cir. 2005).  The Ninth Circuit has also described this standard as being that
8  discovery must be allowed when it is "essential" for the petitioner to "develop fully" his or her
9  underlying claim.  *Pham*, 400 F.3d at 743 (quoting *Jones v. Wood*, 114 F.3d 1002, 1009 (9th Cir.
10 1997)).

11       Here, Petitioner seeks discovery that would essentially contradict or disprove the victim's
12 next of kin's statements at the parole hearing, which accused Petitioner of sending threatening
13 messages, and acting in an aggressive manner.  Petitioner has not demonstrated that these items
14 are "essential" for him to fully develop his underlying claims that he was not permitted to be
15 heard at his parole hearing, or that Section 3043(b) is unconstitutionally broad.  Petitioner's
16 request is DENIED.

17       IT IS SO ORDERED.
18 DATED:  1/5/12

                                              _____
                                              LUCY H. KOH
19                                            United States District Judge

Order Denying Request for Leave to Conduct Discovery
P:\pro-se\sj.rmw\hc.11\Walker447disc                2