1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFERSON D. WALKER, | No. C 11-2447 LHK (PR) |
| Petitioner, | ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS; DENYING CERTIFICATE OF APPEALABILITY |
| v. | |
| WARDEN RANDY GROUNDS, | |
| Respondent. | |

Petitioner, a state prisoner proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging a decision by the California Board of Parole Hearings ("Board") in 2009 finding him unsuitable for parole. Respondent was ordered to show cause why the writ should not be granted. Respondent filed an answer with a supporting memorandum and exhibits, and Petitioner filed a traverse. For the reasons discussed below, the petition is DENIED.

**BACKGROUND**

In 1982, Petitioner was sentenced to a term of 25 years-to-life in state prison after being convicted of first degree murder and related offenses in Alameda County Superior Court. At his parole suitability hearing on August 11, 2009, the Board found Petitioner to be unsuitable for parole. Petitioner challenged this decision unsuccessfully in state habeas petitions filed in all

three levels of the California courts.  Petitioner thereafter filed the instant petition.

**DISCUSSION**

I.    <u>Standard of Review</u>

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  The petition may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts."  *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000).  "Under the 'reasonable application clause,' a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."  *Id.* at 413.

"[A] federal habeas court may not issue the writ simply because the court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, the application must also be unreasonable."  *Id.* at 411.  A federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was "objectively unreasonable."  *Id.* at 409.

The only definitive source of clearly established federal law under 28 U.S.C. § 2254(d) is in the holdings (as opposed to the dicta) of the Supreme Court as of the time of the state court

Order Denying Petition for Writ of Habeas Corpus; Denying Certificate of Appealability
G:\PRO-SE\SJ.LHK\HC.11\Walker447hcden.wpd

1  decision. *Id.* at 412.  Clearly established federal law is defined as "the governing legal principle

2  or principles set forth by the Supreme Court." *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003).

3  Circuit law may be "persuasive authority" for purposes of determining whether a state court

4  decision is an unreasonable application of Supreme Court precedent, however, only the Supreme

5  Court's holdings are binding on the state courts, and only those holdings need be "reasonably"

6  applied. *Clark v. Murphy*, 331 F.3d 1062, 1069 (9th Cir. 2003).

7  II.    Petitioner's Claims

8          Petitioner claims that his right to due process was violated because he was not permitted

9  to respond to the victim's next of kin's statements at Petitioner's parole suitability hearing before

10 the Board.[1]  Much of Petitioner's claim also challenges the veracity of the statements made by

11 the victim's next of kin at his parole hearing.

12         The United States Supreme Court has held that the Due Process Clause of the Fourteenth

13 Amendment to the United States Constitution entitles a California prisoner to only "minimal"

14 procedural protections in connection with a parole suitability determination. *Swarthout v.*

15 *Cooke*, 131 S. Ct. 859, 862 (2011) (per curiam).  Specifically, the Due Process Clause only

16 entitles a California prisoner to an opportunity to be heard and a statement of the reasons why

17 parole was denied. *Id.*  The parole hearing transcript makes clear that Petitioner was given those

18 minimum protections.  (Dkt. No. 6-8 at 45 - Dkt. No. 6-10 at 6; Dkt. No. 6-10 at 29 - Dkt. No. 6-

19 11 at 3.)  Thus, Petitioner's allegation fails to state a cognizable claim for federal habeas relief.

20 *See id.*

21         Moreover, even assuming there was constitutional error, Petitioner cannot demonstrate

22 that such an error had a substantial or injurious effect on the outcome.  *See Brecht v.*

23 *Abrahamson*, 507 U.S. 619, 637-38 (1993).  A review of the transcript from the parole hearing

24 demonstrates that the Board's denial was based on several factors including, *inter alia*, the

25  ────────────

26         [1]  In the Court's order to show cause, the Court recognized that Petitioner's petition also
   raised a claim that California Penal Code § 3043(b) was unconstitutionally broad.  However,
27 Petitioner opted to withdraw this claim.  (Traverse at 2.)  Accordingly, this claim is
   DISMISSED.
28

Order Denying Petition for Writ of Habeas Corpus; Denying Certificate of Appealability
G:\PRO-SE\SJ.LHK\HC.11\Walker447hcden.wpd
                                    3

1    gravity of the underlying commitment offense, Petitioner's social history, Petitioner's past and

2    present mental state, Petitioner's past and present attitude about the underlying crime, and

3    Petitioner's lack of insight into the causative factors of the crime.  (Dkt. No. 6-10 at 29-32.)

4    Thus, even without the testimonies of the victim's next of kin, the result of Petitioner's parole

5    suitability hearing would not have been different.  *See In re Weider*, 145 Cal. Capp. 4th 570,

6    161-62 (2006) (concluding that if the Board finds no evidence of unsuitability of parole, it

7    cannot rely solely on opposition from the District Attorney and victim's family's statements to

8    deny parole).

9                                              **CONCLUSION**

10           The petition for a writ of habeas corpus is DENIED.

11           Petitioner has failed to make a substantial showing that his claim amounted to a denial of

12   his constitutional rights or demonstrate that a reasonable jurist would find the denial of his claim

13   debatable or wrong.  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Consequently, no certificate

14   of appealability is warranted in this case.

15           The Clerk shall enter judgment and close the file.

16           IT IS SO ORDERED.

17   DATED:  ___3/6/13_____

18                                                             LUCY H. KOH
                                                             United States District Judge

19

20

21

22

23

24

25

26

27

28